UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MEFFORD DALE WATKINS, | ) | CIV. 09-5064-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Mefford Dale Watkins commenced this action seeking review of the Commissioner's determination that he is not disabled and therefore not entitled to Social Security benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

Watkins was born on May 11, 1954. Administrative Record (AR), 48. Watkins is educated and has earned a college degree. AR 159. Watkins served in the military between November 1, 1973, and August 1, 1980, and again from October 1, 1981, through September 1, 1985. AR 115. From 1988 to 1996, Watkins was employed as a correctional officer at a federal prison. AR 162. In 1996, Watkins was "medically retired" from that position due to back pain. AR 262. Watkins's next

position was as a youth counselor at a youth offender group home in 2000-2001. AR 162.

On December 27, 2006, Watkins applied for benefits. AR 48. Watkins alleges that he became disabled on June 12, 2001. AR 114. The last date of insurance is December 31, 2003. AR 10. In his application for disability benefits, Watkins claims that he is disabled due to "degenerative disk disease in [his] back, both knees, and neck, chronic bronchitis, vision problems, depression, [and] sleep apnea[.]" AR 154.

Watkins's application for benefits was denied initially and upon reconsideration. AR 10. Watkins then requested review by an Administrative Law Judge (ALJ). AR 10. A hearing was held before the ALJ on October 16, 2008. AR 10. At that hearing the ALJ received the testimony of Dr. Thomas Atkin, a medical expert, William Tysdale[1], a vocational expert, and Watkins. AR 21.

Based upon the record and the testimony received at the evidentiary hearing, the ALJ determined that Watkins had not engaged in substantial gainful activity during the period of alleged disability. AR 12. Next, the ALJ determined that Watkins suffered from the severe impairments of "an L4-5 disk herniation, degenerative disk disease at C4-5 and C5-6 and chronic obstructive pulmonary disease." AR 12. The ALJ then determined that Watkins's impairments did not

---

[1] The transcript refers to the vocational expert as "Mr. Toodle." The cirriculum vitae, however, identifies the vocational expert as Mr. Tysdale.

meet or equal a listed impairment. AR 13. The ALJ next determined that Watkins had the residual functional capacity (RFC) to "lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours in an 8 hour work day, sit 6 hours in an 8 hour work day . . . ." AR 13-14. The ALJ further found that Watkins was not fully credible with regard to his claims of pain. AR 16. Based upon these determinations, the ALJ concluded that Watkins was able to perform his past relevant work as a correctional officer. AR 18. As a result, the ALJ found that Watkins was not disabled. AR 18. The ALJ's written opinion was issued November 28, 2008. AR 19.

Having exhausted his administrative remedies, Watkins commenced this action on August 6, 2009, alleging that the determination of the ALJ should be reversed. The parties have now submitted their briefs on the issues and the matter is ripe for disposition.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance,

but enough evidence that a reasonable mind might find it adequate to support the conclusion. See Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. See Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993).

The Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher v. Sullivan, 986 F.2d 725, 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. See Smith v. Sullivan, 982 F.2d 308, 311 ( Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the

decision of the ALJ even if the Court would have decided it differently. See Smith, 987 F.2d at 1374.

## DISCUSSION

### A.  Impairments

#### 1.  Upper Extremity Neuropathy

Watkins first alleges that the determination of the ALJ should be reversed because the ALJ failed to find that he suffers from the severe impairment of upper extremity neuropathy. Watkins, however, did not claim upper extremity neuropathy as a disabling condition on his application for benefits. AR 154. Moreover, Watkins did not present the condition at the evidentiary hearing as one that prevents him from maintaining employment. AR 26-41. The Eighth Circuit has held that failure to present such a claim during the application process or the evidentiary hearing is equivalent to waiving the claim from being raised on appeal. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003). As a result, this Court will not remand the matter based upon a claim which Watkins failed to mention to the ALJ and which was only cited once in the record. AR 255.

#### 2.  Mental Impairment and Alcoholism

Watkins also contends that the ALJ erred in failing to find that he suffers from a severe mental impairment and alcoholism. The ALJ specifically found that "[t]he

claimant's medically determinable mental impairments of depression and alcohol abuse, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere." AR 12. The ALJ based this determination on the testimony of the medical expert. AR 12-13. The medical expert, a clinical psychologist, testified that Watkins was diagnosed with depression and alcohol dependence, but that he suffered "no major limitations" which result from Watkins's depression. AR 24-25. As a result, the medical expert opined that Watkins's depression was not severe. AR 25. Based upon this assessment, the ALJ did not include depression as a severe impairment. AR 25.

The record reflects that Watkins had been diagnosed with depression in June of 2001 when he was admitted after making suicidal threats. AR 261-266. In September of 2001, Watkins was admitted to the VA Medical Center for treatment due to suicidal ideation, however, there was no observations of a "depressed affect." AR 331-332. The record reflects that the depressive episode was linked to Watkins's use of alcohol. AR 333. Again, in May of 2002, Watkins was admitted into South Dakota Human Services Center for alcohol use and was also diagnosed with a depressive disorder. AR 285-87. In July of 2002, Watkins was admitted to the VA Medical Center for alcohol dependence, where they noted he had a history of

depression. AR 327. Watkins was again admitted to the hospital for suicidal ideation after he began consuming alcohol in November of 2002. AR 292-302. Finally, in January of 2003, Watkins was once again admitted to the VA Medical Center for suicidal ideation and indicated that he had resumed consuming alcohol. AR 325.

While Watkins was admitted numerous times for suicidal ideation, the record reflects that on a number of occasions, the medical staff did not find indications of depression. AR 331-332, 325-26. Furthermore, based upon these records, a reviewing psychologist concluded that Watkins could perform "routine work" and that "[h]is only severe diagnoses relate to alcohol dependence . . . ." AR 241. The testifying psychologist also found that Watkins did not have limitations resulting from depression. AR 25. As a result, the Court finds that substantial evidence supports the finding of the ALJ that Watkins did not suffer from a severe mental impairment. See Smith, 987 F.2d at 1374. Accordingly, the Court will not reverse the ALJ's findings.

With regard to Watkins's allegation that the ALJ failed to find that he suffers from the severe impairment of alcohol dependence and to follow the proper procedure in evaluating his condition, the Court notes that "Congress eliminated alcoholism or drug addiction as a basis for obtaining social security benefits."

Kluesner v. Astrue, 607 F.3d 533, 537 (8th Cir. 2010). As a result, when a claimant presents with alcohol dependence, an ALJ is to follow the procedure set forth in 20 C.F.R. § 404.1535. This regulation provides as follows:

> (a)     General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b)     Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
>     (1)     The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is wehther we would still find you disabled if you stopped using drugs or alcohol.
>     (2)     In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. § 404.1535.

Here, the ALJ erred in failing to follow the procedure set forth in § 404.1535. Instead of determining what Watkins's severe impairments were and then determining whether alcohol was a material contributing factor, the ALJ reviewed the record and found that the depression was only present when Watkins was

8

partaking of alcohol. AR 13. As a result, the ALJ found that Watkins did not have a severe impairment of depression. AR 13. Based upon this error, Watkins urges the Court to reverse and remand this matter for further proceedings in accordance with the regulations. In support of this request, Watkins relies on Brueggemann v. Barnhart, 348 F.3d 689 (8th Cir. 2003).

In Brueggemann, the ALJ failed to follow the procedure set forth in § 404.1535. See Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003). Instead, the ALJ determined that because alcohol abuse could not be used as a basis for disability, he would not give weight to the treating psychiatrist's opinion regarding the claimant's mental status and went on to find that the claimant was not disabled. See id. at 693. The Eighth Circuit determined that the ALJ's failure to apply the procedure was in error. See id. at 695. The Eighth Circuit then determined that the error was not harmless because there was evidence in the record suggest that the claimant suffered from impairments, independent of alcohol abuse, which rendered him disabled. See id. at 695-96. As a result, the Eighth Circuit reversed and remanded the matter for further proceedings. See id. at 696.

Here, like Brueggemann, the ALJ appears to be unaware of the pertinent regulation as § 404.1535 was not even cited in his opinion. Thus, "[t]he ALJ's decision reflects legal error." See id. at 695. Nonetheless, this matter is dissimilar to

9

Brueggemann in that there is no evidence in the record that would indicate that Watkins suffers from any impairment or combination of impairments that, independent of his alcoholism, render him disabled. As a result, the Court finds that the ALJ's error amounts only to harmless error.

B. **Failure to Develop the Record**

Watkins also contends that the determination of the ALJ should be reversed because the ALJ failed to develop the record when he did not contact Dr. Hof, one of the treating physicians, for clarification regarding his opinion. The Eighth Circuit has held that an ALJ has a duty to fully develop the record and that this "duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped." Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006) (citing Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004)). Watkins reasons that the ALJ rejected Dr. Hof's 1994 opinion regarding Watkins's residual functional capacity because Dr. Hof did not perform a physical exam at that time. However, Dr. Smith's opinion is based upon Dr. Hof's physical examination. AR 247. Therefore, Watkins reasons that the ALJ should have requested the records which were the basis of Dr. Hof's and Dr. Smith's opinions.

The Court rejects Watkins's argument. The ALJ had before him the pertinent medical records. Watkins was alleging a period of disability that began June 12,

2001. Dr. Hof's 1994 opinion and Dr. Smith's 1994 opinion are not particularly relevant to Watkins's abilities in 2001. Moreover, as the ALJ noted, the opinions of Dr. Hof and Dr. Smith were not supported by the objective medical evidence in the record for the period of alleged disability. The Eighth Circuit has repeatedly held that "[t]he ALJ does not 'have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped.'" Vossen v. Astrue, 2010 WL 2790934 (8th Cir. 2010) (quoting Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004)). Here, the issue of Watkins restrictions was not undeveloped or even underdeveloped. The ALJ had all pertinent medical records before him when he rendered his decision. As a result, the Court finds that the ALJ did not fail to develop the record.

## C. Credibility

In determining that Watkins was not disabled, the ALJ also determined that Watkins was not fully credible. AR 16. Watkins alleges that this finding was in error. In making this determination, the ALJ was required to consider

> (I) the claimant's activities of daily living; (ii) the location, duration and frequency and intensity of pain or other symptoms; (iii) precipitating and aggravating factors: (iv) the type, dosage, effectiveness and side effects of medications taken to alleviate pain or other symptoms; (v) treatment, other than medication, for the relief of pain or other symptoms; (vi) any measures other than medication used to relieve pain or the other symptoms; and (vii) any other factors concerning functional limitations

11

and restrictions due to pain or other symptoms produced by the medically determinable impairments.

SSR 85-16; see also Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). There is no requirement, however, that the ALJ discuss each factor. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (quoting Moore v. Astrue, 572 F.3d 5209, 524 (8th Cir. 2009)). Here, the ALJ recited the inconsistencies of Watkins's activities of daily living with his reported complaints, the numerous notations in the records by treating physicians that Watkins was exaggerating his symptoms, and the objective medical evidence in support of finding Watkins not fully credible. AR 16-18. The Court is not to "'disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain.'" Goff v. Barnhart, 421 F.3d 742, 792 (quoting Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). Regardless, the Court agrees with the assessment of the ALJ that the record, as a whole, does not support Watkins's complaints of disabling pain. See Goff, 421 F.3d at 792; Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001). As a result, the Court finds that there is no merit to this argument.

D.     **Residual Functional Capacity**

Watkins also argues that the ALJ erred in calculating his RFC. The ALJ found that Watkins possessed the RFC to "lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours in an 8 hour work day, sit 6 hours in an 8

hour work day, push and pull without limitation, frequently climb ramps and stairs, balance and crouch, occasionally climb ladders, ropes and scaffolds, occasionally stoop, kneel and crawl, occasionally reach overhead with the left upper extremity, [and] handle, finger and feel without restriction . . . ." AR 14. Watkins asserts that the ALJ failed to factor in the a number of non-severe impairments when formulating his RFC as required. Specifically, Watkins claims that the ALJ should have accounted for his bilateral upper extremity neurological impairment and posterior facet arthropathy of the cervical spine which would prevent him from unlimited pushing, pulling, and handling; his bilateral chondromalacia which would prevent him from standing and walking six hours a day, climbing stairs frequently or occasionally kneeling and crawling; and his left lower extremity L-5 nerve root radiculopathy which would also prevent him from stooping, kneeling, crawling, walking or carrying as determined by the ALJ.

The ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence . . . ." Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000). Nonetheless, the RFC must be supported by "at least some" medical evidence. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ need only include those "impairments accepted by the ALJ as true and [may] exclude

other alleged impairments that the ALJ ha[s] reason to discredit." Pearsall v. Massanari, 274 F.3d 1211, 1220 (8th Cir. 2001).

Here, the ALJ based his determination on the medical evidence in the record. The ALJ properly discredited Watkins and properly accounted for the weight which he accorded Watkins's treating physicians. See Pearsall, 274 F.3d at 1220. The impairments that Watkins argues should have been included in the determination of the RFC are not well supported by the objective medical records. The upper extremity neuropathy was mentioned only once. AR 255. Watkins did not report neck problems to his physicians, nor were neck problems indicated by examination or x-rays. AR 255, 342, 476-77. Watkins's knee complaints are also not supported by the physician's exams or x-rays. AR 255, 340-42. Furthermore, the exams and images did not reveal any evidence of acute radiculopathy. AR 356. As a result, the Court finds that the ALJ's determination of the Watkins's RFC is supported by the record and that the ALJ did not err in failing to include these alleged impairments in formulating the RFC.

E.   **Past Relevant Work**

Finally, Watkins alleges that he ALJ erred in determining that he is able to perform his past relevant work as a correctional officer. As stated previously, Watkins's past relevant work positions were correctional officer and youth

14

counselor. Based upon the ALJ's formulation of the RFC, the ALJ had determined that Watkins could perform light work. AR 14. The vocational expert (VE) determined that the position of correctional officer was medium work while the position of youth counselor was light work. AR 194. Watkins argues that he cannot perform the work of a correctional officer. Watkins further argues that he is not suited to working with adolescents. As a result, Watkins argues that the ALJ's determination is in error.

In his opinion, the ALJ wrote that "the claimant was capable of performing past relevant work as a correctional officer (The Dictionary of Occupational Titles 045.107-010), a sedentary, skilled occupation which was light as performed by the claimant." AR 18. The citation of the applicable section of The Dictionary of Occupational Titles, however, sets forth the requirements of a counselor and not a correctional officer. See DOT 045.107-010. As a result, the Court finds that the ALJ erred in his writing but that his intent was clear, to find that Watkins could perform his past relevant work as a youth counselor. There is substantial evidence in the record to support the ALJ's determination that Watkins could perform this past relevant work, whether he is "suited" to it or not. As a result, the Court will not reverse the ALJ's conclusions.

## CONCLUSION

Here, it appears the ALJ has thoroughly reviewed the medical evidence and made an independent determination which is supported by substantial evidence. As a result, the Court affirms the ALJ's determination of not disabled. Accordingly, it is hereby

ORDERED that the motion to reverse the ALJ (Docket #1) is denied.

Dated this 20th day of August, 2010.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE